IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:08cr131 |
| | ) | |
| SAMI AMIN AL-ARIAN | ) | |

### GOVERNMENT'S FILING IN RESPONSE TO ORDER OF JULY 27TH

By Order of July 27, 2008, this Court directed the government to file two copies of the entire grand jury record directly related to the defendant's alleged contempt, including the grand jury subpoenas issued to him, transcripts of all appearances by the defendant before the grand jury, the entire transcript of all testimony and the prosecutor's instructions to the grand jury that issued the criminal contempt indictment, all motions, memoranda, and any other documents related to this indictment, and transcripts of all contempt hearings and subsequent court orders, arranged and tabbed chronologically. Further, the Court directed the Government also to provide a list of all criminal contempt prosecutions it has brought in the last ten years based on a witness's refusal to testify either at trial or in a grand jury proceeding after issuance of an order of immunity.

This pleading responds to the Court's Order of July 27th.

In a separate sealed pleading filed today are included virtually all of the court filings and transcripts that we could identify regarding the civil contempt litigation involving Al-Arian, as well as the proceedings before the grand jury that returned the indictment against him in June 2008. Some documents were not included because we could not readily locate them; they

include notices of appearance by individual defense attorneys; a notice of a hearing set for November 2006, and consent motion for an extension of time for Al-Arian to file a pleading in June 2007 (as well as the Order granting that motion). Most of the pleadings regarding motions to unseal filed by the media were intentionally omitted on the grounds that they are not likely to be helpful to the Court with respect to the issues now before it.

All of the materials are filed under seal because they pertain to grand jury matters. Five documents are filed with the Court on an *ex parte* basis because, while they are responsive to the Court's Order of July 27th, they are not discoverable by the defendant. These include the three applications for the three compulsion orders entered by Judge Lee in 2006, 2007, and 2008, and the two separate transcripts of the grand jury proceedings on June 26, 2008.[1] No grand jury subpoenas are included within the materials because none were served on Al-Arian; instead, he was served with Judge Lee's Orders to testify.

Finally, with respect to the Court's direction that the Government provide a list of all criminal contempt prosecutions it has brought in the last ten years based on a witness's refusal to testify either at trial or in a grand jury proceeding after issuance of an order of immunity, we are not certain of the answer, except to note that, in Crim. No. 1:08cr36, Mohammed Said - - who previously pled guilty to drug charges - - was prosecuted earlier this year for his refusal to testify before a grand jury despite an immunity order, and also at the trial of one of his drug associates.

---

[1] There are two separate transcripts because the government initially only ordered the transcript of the witness's testimony. After this Court entered the Order of July 27th, the government then ordered the transcript of the prosecutor's remarks to the grand jury. The transcript of the witness's testimony is paginated independently of the transcript of the prosecutor's remarks, but the point at which the witness testified is noted in the transcript f the prosecutor's remarks.

The office's records reflect that, besides Said (and Al-Arian), about 25 individuals were charged with violations of 18 U.S.C. § 401(3) in the last ten years, but those records do not reveal whether the basis for those charges was a refusal to testify at either a trial or in a grand jury proceeding after issuance of an order of immunity. By checking with the individual prosecutors involved in those cases, we have determined that many of those 25 individuals were *not* charged with refusing to testify after issuance of an order of immunity. Further, based on clues in the records we have, it seems probable that most were charged with failure to obey court orders to appear (at the grand jury, trial, or sentencing), rather than with failure to obey court orders to testify. In short, although it is possible that a small number of these 25 defendants were prosecuted for failing to testify, undersigned counsel has not been able to determine that to be the case with respect to any of those 25 defendants.

Through the admittedly unscientific method of asking senior personnel within the office for their recollections, undersigned counsel learned of no particular instances of the prosecution for criminal contempt of recalcitrant immunized witnesses in the last ten years. Two older prosecutions for refusal to testify at trial or before the grand jury were, however, recalled. In Case No. 92-349-A, Michael Clarke was prosecuted for refusing to testify under immunity at a trial. Also, in Case No. 82-58-A, Charles Crocker was prosecuted for refusing to testify under immunity before the grand jury.[2]

By the same token, however, none of the senior prosecutors in the office recalled *declining* to prosecute an immunized witness who maintained his refusal to obey an order to

---

[2] An associate of Crocker, Kenneth O'Day, also refused to testify before the grand jury. He ultimately was prosecuted on RICO charges in Crim. No. 82-00151-A.

testify in the grand jury or at trial within the last 10 years.  Several prosecutors recall reluctant witnesses who appeared to feign a loss of memory, or witnesses that initially disobeyed orders to testify but later purged their contempt by complying.  None, however, recalled an immunized witness who maintained his refusal to testify but was not later prosecuted.  In short, it is a rare occasion when a witness who likely possesses valuable information simply refuses a Court Order to testify before the grand jury.

                Respectfully submitted,

                Chuck Rosenberg
                United States Attorney

By:          /s/
     Gordon D. Kromberg
     Virginia Bar No. 33676
     Assistant United States Attorney
     Attorney for the United States
     2100 Jamieson Avenue
     Alexandria, VA  22314
     (703) 299-3700
     (703) 837.8242 (fax)
     gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2008, I electronically filed the foregoing GOVERNMENT'S FILING IN RESPONSE TO ORDER OF JULY 27TH with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> William E. Olson,
> VA Bar. No. 47251
> Bryan Cave LLP
> 700 Thirteenth Street, N.W., Suite 700
> Washington, D.C. 20005-3960
> Telephone: (202) 508-6000
> Facsimile: (202) 508-6200
> weolson@bryancave.com


        /s/
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov